IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN RUSSEL CONRAD,)
)
       Plaintiff,)
)
  -vs-)   Civil Action No.  13-204
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
       Defendant.)

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

**I.  BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his application in November of 2010, alleging he had been disabled since November 1, 2010. (ECF No. 7-5, p. 3). Administrative Law Judge ("ALJ"), Charles Pankow, held a hearing January 11, 2012. (ECF No. 7-2, pp. 32-67). On April 13, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 18-28).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 12). The

1

issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Right to Representation

Plaintiff (who is now represented by counsel) argues that the ALJ failed to properly advise him regarding his right to representation at the administrative hearing. (ECF No. 10, pp. 5-9). As a result, Plaintiff submits that remand is required. After a review of the record, I disagree.

There is no constitutional right to counsel at a social security hearing. *Phifer v. Comm. Of Soc. Sec.,* 84 Fed. Appx. 189, 190 (3d Cir. 2003). During such a hearing, however, a plaintiff does have a statutory right to representation, which may be waived. *Id.,* at p. 190; 42 U.S.C. §406; 20 C.F.R. §§404.1700-07. According to the Third Circuit:

> The claimant must be provided with notice of his right to counsel and can waive this right as long as such waiver is knowing and intelligent. *See, e.g., Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982) (describing how a claimant can "knowingly and intelligently waive his statutory right to counsel.") A waiver in and of itself is not a sufficient justification for remand. Rather, remand is proper where the lack of counsel prejudices a claimant or where the lack of counsel leads to an administrative proceeding marked by unfairness. *Livingston v. Califano*, 614 F.2d

3

342, 345 (3d Cir. 1980).

*Phifer*, 84 Fed.Appx. at pp. 190-191.

In this case, the record demonstrates that Plaintiff was notified and apprised of his right to representation on at least five occasions during the administrative process. (ECF No. 7-4, pp. 2-6, 7-8, 10-18, 36-48, 55). For example, Plaintiff was first notified on February 15, 2011, in his initial denial, that if he wanted to appeal he could have "a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal." *Id.* at p. 5. Then, on March 10, 2011, Plaintiff acknowledged his right to representation stating: "I understand that I have a right to be represented and that if I need representation, the Social Security officer or hearing office can give me a list of legal referral and service organizations to assist me in locating a representative." *Id.* at p. 7. On April 7, 2011, the Commissioner again informed Plaintiff of his right to counsel:

> **Your Right to Representation**
>
> You may choose to be represented by a lawyer or other person. A representative can help you get evidence, prepare for the hearing, and present your case at the hearing. If you decide to have a representative, you should fine one immediately so that he or she can start preparing your case.
>
> Some private lawyers charge a fee only if you receive benefits. Some organizations may be able to represent you free of charge. Your representative may not charge or receive any fee unless we approve it. We are enclosing a list of groups that can help you find a representative.
>
> If you get a representative, you or that person should call us to give us his or her name, address and telephone number. You also will need to complete our Form SSA 1696-U4 Appointment of Representative. Any local Social Security office can give you this form.

*Id.* at pp. 10-11. Therein, the Commissioner also provided a document titled "Your Right To Representation" that explains what a representative can do, how to choose a representative, and

4

what a representative can charge. *Id.* at pp. 13-14. Additionally, the Commissioner supplied Plaintiff with list of organizations with addresses and telephone numbers that could help Plaintiff secure legal representation. *Id.* at p. 16.

On December 2, 2011, the Commissioner notified Plaintiff of his hearing date and again informed Plaintiff of his right to representation and provided the same "Your Right To Representation" document outlining Plaintiff's rights to representation. *Id.* at pp. 38, 42-43.

On January 11, 2012, the date of the hearing, the ALJ gave the Plaintiff a form titled "YOUR RIGHTS TO REPRESENTATION." *Id.* at p. 55. The form advises Plaintiff as follows:

- You have the right to be represented by an attorney or non-attorney.

- A representative can help you obtain information about your claim, submit evidence, explain medical terms, help protect your rights, and make any request or give any notice about the proceedings before me.

- A representative may not charge a fee or receive a fee unless we approve it and you are awarded benefits.

- If you appoint a representative, you may be responsible for certain expenses such as obtaining and/or copying medical records.

- Some legal service organizations offer legal representation free of charge if you satisfy the qualifying requirement of that organization. We can provide you a list of these resources.

- You also have the right to proceed without a representative. If you do so, I will obtain the relevant medical and on-medical records and question you at the hearing.

- A representative can present your evidence in a way that is most favorable to your case. However, you are not required to have a representative.

- If you understand your rights and want to proceed without a representative, sign and date below. I will enter this document into the record as an exhibit and proceed with the hearing.

*Id.* at p. 55. Plaintiff signed this form. *Id.*

At the beginning of hearing, the ALJ addressed the issue of representation.

> Q. Okay. Now you're not represented by counsel. If gave you a right to representation form. You read it and you signed it. Do you have any questions about your right to representation?

5

> A. No.
>
> Q. No? Okay. So I do want to let you know that I do grant people one postponement in order to get counsel if that's what they wish. It's a personal matter. It's completely up to you. If you wish to proceed with counsel, that's fine. If you want me to postpone the case one time to get counsel, I will do that also. But it is your wish to proceed today?
>
> A. Yes.
>
> Q. Okay. Okay. Well, I'm going to mark that as Exhibit 9B, all right?...

(ECF No. 7-2, pp. 35-36).

Based on the above, I find that Plaintiff's waiver of representation was voluntary, knowing and intelligent. He was notified on multiple occasions about his right. There is no suggestion that Plaintiff was not qualified to make the decision to proceed without counsel. He was provided ample notice of his right to representation, couched in language readily understandable by someone with Plaintiff's education level and cognitive ability. *Id.* at p. 37; *see also,* ECF No. 7-7, pp. 43-44. Thus, I am satisfied that Plaintiff had full knowledge of his right to representation and knowingly and intelligently chose to waive such right. Consequently, remand is not warranted on this basis.

### C. Duty to Develop the Record

Plaintiff next argues that the ALJ failed to develop the record by failing to obtain a consultative mental health examination and by failing to recontact his treating psychologist, Dr. Yvonne Reedy, to obtain additional information. (ECF No. 10, pp. 9-13). An ALJ has the duty to fully develop the record to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir. 1995). This duty is heightened when a plaintiff is *pro se. Dobrowolsky v. Califano,* 606 F.2d 403, 407 (3d Cir. 1979). After a review of the record, I find that the ALJ fully developed the record sufficiently to make a determination regarding Plaintiff's disability.

The decision to order a consultative examination is within the sound discretion of the ALJ. *Thompson v. Halter,* 45 Fed.Appx. 146, 149 (3d Cir. 2002); 20 C.F.R. §§ 404.1517, 416.917. An "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id.* Other circumstances necessitating a consultative examination include situations where a claimant's medical records do not contain needed additional evidence, or when the ALJ needs to resolve a conflict, inconsistency or ambiguity in the record. *See,* 20 C.F.R. §§404.1519(a), 416.919(a).

Based on the existing medical records in this case, I find the ALJ was not required to order a consultative examination. I find no ambiguities in the medical records that would have necessitated a consultative examination. The record was sufficient such that the ALJ could make a proper determination. Plaintiff had conservative mental health treatment from Dr. Reedy. Additionally, there was an opinion of a state agency psychologist. (ECF No. 7-3, pp. 2-13, pp. 2-4). Based on the above, I find that ALJ was able to make a proper disability determination and was not required to obtain a consultative psychological examination. Thus, I find no error in this regard.

With regard to recontacting Dr. Reedy, an ALJ is required to recontact a medical source for clarification "when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear….". SSR 96-5p (policy interpretation); *see also,* 20 C.F.R. §404.1512(e)(1). In this case, the records were complete and there is nothing ambiguous or unclear about Dr. Reedy's assessment or treatment records. (ECF No. 7-7, pp. 28-67). In fact, even Plaintiff states that opinions were "intensely comprehensive." (ECF No. 10, p. 12). Thus, based on the evidence of record, I find that the assessment and treatment records of Dr. Reedy were unambiguous such that, together with all of the evidence of record, the ALJ was able to make a disability determination. Therefore, the ALJ was not required to recontact Dr. Reedy.

Consequently, I find no error in this regard and remand is not warranted on this basis.

### D. Plaintiff's Mental Residual Functional Capacity (RFC)[1]

Plaintiff argues that the ALJ's RFC finding[2] is not supported by substantial evidence. (ECF No. 10, pp. 13-21). To support this assertion, Plaintiff argues that the ALJ failed to give appropriate weight to the opinions of Plaintiff's treating psychologist, Dr. Reedy, while giving great weight to the non-examining state agency opinions. *Id.* After a review of the evidence, I disagree.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§ 404.1527, 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).

[2] Plaintiff's RFC arguments are limited to his mental impairments. (ECF No. 10). As a result, my analysis will be limited accordingly.

whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff first argues that the ALJ erred in concluding that Dr. Reedy's opinions were entitled to no "special significance." (ECF No. 10, pp. 17-18). A review of the opinion reveals, however, that the ALJ did not reject the entirety of Dr. Reedy's opinions because it was entitled to no special significance. Rather, the ALJ only held that Dr. Reedy's opinion regarding the ultimate question – whether Plaintiff was disabled – was "an issue reserved to the Commissioner and so is not entitled to controlling weight or special significance (See Social Security Ruling 96-5p)." (ECF No. 7-2, p. 25). The ALJ is correct: Ultimate questions of disability are reserved for the ALJ to determine and are not to be given any "special significance." 20 C.F.R. §§ 404.1527(d)(1-3), 416.927(d)(1-3). With regard to other opinions of Dr. Reedy, the ALJ evaluated the same and assigned "diminished weight" to some opinions and "some weight" to other opinions. (ECF No. 7-2, pp. 25-26). Consequently, I find no error in this regard.

Plaintiff next argues that the ALJ improperly discounted Dr. Reedy's opinion when he

9

states that it was "'not supported by the record as a whole.'"[3]  (ECF No. 10, p. 18).  This is not the only reason why the ALJ discounted Dr. Reedy's opinion.  The ALJ also noted that Dr. Reedy's opinions of November 2010 were rendered after having only evaluated Plaintiff on one occasion.  (ECF No. 7-2, p. 25).  Thus, Dr. Reedy did not have the prolonged longitudinal basis for making statements about Plaintiff that a typical treating doctor normally possesses.  The rationale for giving controlling weight to a treating doctor's opinion is that he/she is "most able to provide a detailed, longitudinal picture" of the claimant's medical impairments.  20 C.F.R. §§416.927(c)(2), 404.1527(c)(2). In this case, Dr. Reedy did not have the prolonged and continuous relationship with Plaintiff upon which to base her opinion in November of 2010.  Therefore, I find no error on the part of the ALJ for discounting Dr. Reedy's opinion on this basis.

The ALJ also compared Dr. Reedy's opinion to the other evidence of record and found a conflict with the state agency examiner's opinion.  (ECF No. 7-2, pp. 25-26).  In so doing, the ALJ gave portions of the state agency examiner's opinions great weight and other portions little weight.  (ECF No. 7-2, p. 26).  I find this treatment of the medical opinions to be appropriate.  State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").  Moreover, an ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012).

Thus, despite Plaintiff's allegations to the contrary, the ALJ properly determined Plaintiff's

---

[3] Plaintiff allegedly quotes the ALJ's opinion where he states that Dr. Reedy's opinion was "not supported by the record as a whole."  (ECF No. 10, p. 18).   Plaintiff cites to page 24 of the record as support for this quotation.  *Id,* at n. 54.   The ALJ's opinion does not state this exact language. *See,* ECF No. 7-2, p. 25. There are multiple occasions, however, where the ALJ states that the opinions are "not consistent with the other evidence of record," or "is inconsistent with the evidence as a whole."  *Id.*   Thus, I am unable to discern with certainty portion of the ALJ's opinion to which Plaintiff is referring.

RFC by, *inter alia,* weighing the evidence of record and providing sufficient explanations for his findings. (ECF No. 7-2, pp. 21-26). As such, I am able to make a meaningful review. Therefore, I find the ALJ properly discharged his duties in evaluating and weighing the evidence and made findings supported by substantial evidence. Consequently, I find no error in this regard and remand is not warranted on this basis.

        An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN RUSSEL CONRAD, )
)
        Plaintiff, )
)
 -vs- ) Civil Action No. 13-204
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 1st day of July, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

        BY THE COURT:

        s/ Donetta W. Ambrose
        Donetta W. Ambrose
        United States Senior District Judge